# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

REVEREND BECK ,

                Petitioner,

   v.

K. HARRINGTON, Warden,

                Respondent.

_____/

1:09-cv-02070-OWW-DLB (HC)

FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 1]

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on November 25, 2009. (Court Doc. 1.)  Petitioner contends that his present incarceration in the California Department of Corrections and Rehabilitation (CDCR) is unlawful.  He claims that he was transferred from the Minnesota Department of Corrections in retaliation for the exercise of his constitutionally protected rights and he is being denied adequate medical treatment.   Petitioner seeks an order directing the CDCR to cease any disciplinary action against him and return him to the State of Minnesota.

<u>DISCUSSION</u>

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4

of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that

"he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus

petition is the correct method for a prisoner to challenge the "legality or duration" of his

confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez,

411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section

2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S.

136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee

Notes to Rule 1 of the Rules Governing Section 2254 Cases.

       In this case, Petitioner's claims of retaliation and denial of adequate medical treatment are

challenges to the conditions of confinement, not the fact or duration of that confinement.  Thus,

Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Indeed,

Petitioner has previously filed a section 2254 petition in case number 1:09-cv-00276 TAG HC, on

February 12, 2009.  That petition was dismissed for failure to state a cognizable claim on April 2,

2009.  Thereafter, Petitioner sought review of these claims by way of a civil rights complaint

pursuant to 42 U.S.C. § 1983 in case number 1:09-cv-00486 SMS PC, which was dismissed with

prejudice for failure to state a cognizable claim on September 22, 2009. (Court Docs. 26, 27.)

RECOMMENDATION

       Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     The instant petition for writ of habeas corpus be DISMISSED; and

2.     The Clerk of Court be directed to terminate this action.

       This Findings and Recommendation is submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within

thirty (30) days after being served with a copy, any party may file written objections with the

court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

2

1  filed within fourteen (14) days after service of the objections.  The Court will then review the

2  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

3  failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6     IT IS SO ORDERED.

7  **Dated:   February 22, 2010**          _____/s/ **Dennis L. Beck**_____
                                        UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28